IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CODY LOVELESS,**

    **Plaintiff,**

vs.                                                   Case No. **4:18cv363-MW/CAS**

**WALT MCNEIL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis, ECF No. 8, and without payment of the assessed initial partial filing fee. ECF No. 10. Plaintiff's first amended complaint, ECF No. 11, was reviewed as required by 28 U.S.C. § 1915A. Because it was insufficient, an Order was entered which explained the various deficiencies of the amended complaint and gave Plaintiff an opportunity to file a "second amended complaint." ECF No. 12. Plaintiff was required to file the second amended complaint no later than **May 1, 2019**, and he was advised that if he failed to comply, a recommendation would be made to dismiss this action. *Id.* As of this date, Plaintiff has not filed the second

amended complaint as directed.  It appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 10, 2019.

  S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**